UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
KELVIN ACOSTA,

                      Plaintiff,

                                                                                  Index. No.:
                                                                                  COMPLAINT
                -against-                                                            JURY TRIAL DEMANDED


ANFIELD INTERIORS, INC., RUAIRI DUFFY,
RYAN MCCORMACK

                      Defendants.
-----------------------------------------------------------------------------X

    Plaintiff, Kelvin Acosta, by and through his, attorney, Heriberto A. Cabrera, as and for his Complaint against, ANFIELD INTERIORS, INC., RUAIRI DUFFY, RYAN MCCORMACK ("Defendants"), respectfully allege as follows:

## INTRODUCTION

1. This is a suit to recover unpaid overtime hours compensation from the Defendants, pursuant to New York State Labor Law Sections 190 *et seq* ("NYSLL") and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks unpaid overtime wages, liquidated damages, notice violations, reasonable attorney's fees, costs, and pre and post-judgment interest for Defendants' willful failure to pay overtime, inter alia, to Plaintiff Kelvin Acosta (hereinafter "Acosta").

3. Plaintiff demands a jury trial on all issues that may be tried by a jury.


## PARTIES

4. Plaintiff Acosta is a resident of Columbus, Ohio, and during all times alleged in this complaint he was an employee of Defendants as a painter and taper with Defendants.

5. Upon information and belief, Anfield Interiors Inc., (hereinafter "Anfield"), is a domestic corporation doing business within the State of New York, and has a principal place of business in New York County in New York at 261 West 35th Street, 7th Floor, New York, NY 10001.

6. Upon information and belief, Anfield, is at present and has been at all times relevant to the allegations in this Complaint been an enterprise engaged in interstate commerce within the meaning of FLSA Section 203(b) in that it has and has had employees engaged in interstate commerce or in production of goods for interstate commerce as well as handle, sell, or otherwise work on goods or materials that have been moved in or produced for interstate commerce by any person; and they have each had annual gross volume sales of not less than $500,000.

7. Anfield is an "employer" within the meaning of 29 U.S.C. Section 203(d) and NYSLL Section 190(3) that runs and profits from business operations as a contractor of construction services based at 261 West 35th Street, 7th Floor, New York, NY 10001, where Defendants controlled the terms, conditions and pay practices relating to the Plaintiff.

8. Upon information and belief, Defendant, Ruairi Duffy (hereinafter "Duffy"), is an individual and natural citizen doing business within the State of New York, County of New York, and has a principal place of business in New York County in the City and State of New York at 261 West 35th Street, 7th Floor, New York, NY 10001.

9. Upon information and belief, Defendant, Duffy is an owner and supervisor/manager of employees for himself and in behalf of Anfield.

10. Upon information and belief, Defendant, Duffy, is an individual who maintains his principal place of business in New York, New York and serve as principal manager/supervisor and/or substantially controls the operations of Defendant, Anfield, through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiff's work.

11. Upon information and belief, Defendant, Ryan McCormack, (hereinafter "McCormack"), is an individual and a natural citizen doing business within the State of New York, County of New York, and has a principal place of business in New York County in in the City and State of New York at 261 West 35th Street, 7th Floor, New York, NY 10001.

12. Upon information and belief, Defendant, McCormack, is an owner and supervisor/manager of employees for himself and in behalf of Anfield.

13. Upon information and belief, Defendant, McCormack, is an individual who maintains his principal place of business in New York, NY and serves as a principal manager and/or substantially controls the operations of Defendant Anfield, through which he acted as an employer, as understood by the FLSA and NYSLL, of the Plaintiff by controlling the terms and conditions and pay practices related to the Plaintiffs' work.

14. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. Section 203(e)(1) and NYSLL Section 190(2).

## JURISDICTION AND VENUE

15. This court has subject matter jurisdiction over Plaintiff's Fair Labor Standards Act ("F.L.S.A.") claims pursuant to 28 U.S.C. § 1331 and § 1337 and supplemental jurisdiction over Plaintiff's NYSLL claims pursuant to 28 U.S.C. § 1367.

16. This Court also has jurisdiction over Plaintiff's F.L.S.A. claims pursuant to 29 U.S.C. § 201 et seq. and in particular, 29 U.S.C. § 216(b).

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because this action concerns wages and hours violations that occurred within the Judicial District and all parties reside in and/or conduct business within the Judicial District.

## FACTS

18. At all times relevant to this Complaint, Plaintiff received payments from Defendants and was economically dependent on Defendants in regards to making their living.

19. Defendants had the power to hire and fire employees including the Plaintiff.

20. Defendants supervised and controlled Plaintiff's work schedules and/or conditions of employment.

21. Defendants, through their agents, determined the rate and method of payment of Plaintiff's wages.

22. Plaintiff Acosta worked for Defendants as a painter and taper at various locations from on or about October 2016 until on or about May 2018.

23. Defendants controlled, managed and supervised the location where the work was performed and the hours of work and the rate of pay was controlled by the same individual Defendants and the corporate Defendant, namely Anfield Interiors Inc., 261 West 35th Street, 7th Floor, New York, NY 10001.

24. From on or about October 2016 until on or about May 2018, Plaintiff Acosta worked 7 days per week with shifts which exceeded 10 hours a day to a total of about 91

hours per week.

25. From on or about October 2016 until on or about May 2018, Plaintiff Acosta worked 7 days per week with a schedule as follows:
    a.  Monday through Friday starting from approximately 6:00AM to on or about 3:30PM and from 3:30PM to on or about 7:00PM
    b.  Saturday and Sunday starting from approximately 7:00AM to on or about 9:00PM

26. From on or about October 2016 until on or about November 2016, Plaintiff Acosta was paid $27 per hour.

27. From on or about November 2016 until on or about May 2018, Plaintiff Acosta was paid $34 per hour.

28. During his period of employment with defendants, Plaintiff Acosta was never paid any premium pay for overtime hours worked.

29. Plaintiff did not exercise any discretion over their tasks or over any significant aspects of the manner the Defendants ran their business.  Nor did Plaintiff have control over the manner he could execute the tasks assigned to him.

30. Defendants routinely required Plaintiff to work hours that were not recorded on the Defendants' time sheets.

31. Upon information and belief, Defendants kept and/or allowed to be kept inaccurate records of the hours worked by Plaintiffs.

32. Defendants failed to adequately and accurately disclose and/or keep track of the number of hours Plaintiff worked during the day, the total hours Plaintiff worked during the week and/or the total amount of overtime hours worked each week.

33. If Plaintiff's hours had been properly documented and calculated, then the Plaintiff's total amount of hours worked would have triggered payment calculated at premium overtime rates well in excess of the amount of money actually paid to Plaintiff by the Defendants.

34. Defendants' policy and practice was to be deliberately and/or willfully indifferent to the amount of regular wages and overtime wages that Plaintiff was entitled to under the law.

35. At all times, Defendants' policy and practice in regards to paying wages to Plaintiff, Acosta, had been willful in its violation of the relevant federal and state labor laws.

## FIRST CAUSE OF ACTION

*Failure to Pay Overtime Wages (Federal)*

36. Plaintiff re-alleges paragraphs 1-35 of this Complaint as is set forth fully herein.

37. Plaintiff was a non-exempt employee of the Defendants as understood by the FLSA at all relevant times.

38. At all relevant times, Plaintiff was not paid time and a half based on his regular hourly rate of pay for any and all hours worked in excess of 40 hours per week in violation of 29 U.S.C. § 207.

39. Plaintiff routinely worked hours in excess of 40 hours per week.

40. Said failure to pay was willful within the meaning of 29 U.S.C. § 260.

41. Thus, pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to back pay for unpaid overtime wages, in an amount to be determined at trial, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION

*Failure to Pay Overtime (State)*

42. Plaintiff re-alleges paragraphs 1-41 of this Complaint as if set forth fully herein.

43. Plaintiff was employed by the Defendants within the meaning of the New York State Labor Law §§ 2(7) and § 190(2).

44. Defendants failed to pay Plaintiff overtime wages at a rate at least one and a half times their regular rate of pay for each hour worked in excess of forty hours per week.

45. Plaintiff routinely worked hours in excess of 40 hours a week.

46. Defendants' failure to pay overtime wages to Plaintiff violated New York Labor Law which requires employers pay employees overtime for hours worked in excess of 40 hours per week at the rate of one and a half times the employee's regular hourly wage or the prevailing minimum wage (whichever is greater).

47. Said violations have been willful within the meaning of New York State Labor Law § 198(1-a).

48. Thus, Plaintiff is entitled to recover from Defendants unpaid overtime wages in an amount to be determined at trial, and an amount equal to those unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees, costs of this action and pre-judgment interest.

## THIRD CAUSE OF ACTION

*Violation of the Notice and Recordkeeping
Requirements of the New York Labor Law*

49. Plaintiff re-alleges paragraphs 1-48 of this Complaint as if set forth fully

herein.

50. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer' the name of the employer; any "doing businesses as" names used by the employer' the physical address of the employer's main office or principal place of business and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

51. Defendants are liable to Plaintiffs in the amount of $5,000, together with costs and attorney's fees.

## FOURTH CAUSE OF ACTION

*Violation of the Wage Statement Provisions
of the New York Labor Law*

52. Plaintiff re-alleges paragraphs 1-51 of this Complaint as if set forth fully herein.

53. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates

of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime house worked, as required by NYLL 195(3).

Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaration that the Defendants' acts and practices complained of herein are willful violations with the meaning of 29 U.S.C. § 260 and NYSLL § 198(1-a).

b. Directing Defendants to make Plaintiff whole for all unpaid overtime wagesdue as a consequence of Defendants' violation of FLSA and NYSLL;

c. Directing Defendants to pay Plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

d. Awarding, Plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. § 216(b) and NYSLL § 198(1-a).

e. Awarding Plaintiff pre- and post-judgment interest as provided for in NYSLL § 198(1-a), and;

f. Awarding Plaintiff statutory damages pursuant to NY State Labor Law wage notification requirements, and;

g. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

## **DEMAND FOR A JURY TRIAL**

Plaintiff demand a trial by jury as to all issues in the above matter.

Dated:  August 25, 2022
      Brooklyn, NY

HERIBERTO A. CABRERA & ASSOCIATES


___*/s/ Heriberto Cabrera*_____
Heriberto A. Cabrera, Esq.
*Attorneys for Plaintiff*
480 39th Street, 2nd Floor
Brooklyn, NY 11232